THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ALAN THOMSON, as administrator of
the Estate of Hayley Thomson,
Deceased, and IN HIS OWN RIGHT,
and DAYNA THOMSON

          Plaintiffs,

       v.

NOVARTIS PHARMACEUTICALS,
CORPORATION, NOVARTIS
CORPORATION, NOVARTIS PHARMA GMB,
NOVARTIS AG

         Defendants.

HON. JEROME B. SIMANDLE

Civil No. 06-6280 (JBS)

**OPINION**

---

APPEARANCES:

Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
SEEGER WEISS, LLP
550 Broad Street
Newark, NJ  07102
    Attorneys for Plaintiffs

James D. Hicks, Esq.
Cynthia Kendrick, Esq.
SPRIGGS & HOLLINGSWORTH, ESQS.
1350 I Street, NW
Suite 900
Washington, D.C.  20005
     -and-
Ethan Stein, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
    Attorneys for Novartis Pharmaceuticals, Corporation

**SIMANDLE**, District Judge:

    This matter is before the Court upon the motion of

Plaintiffs Alan Thomson, as administrator of the Estate of Hayley

Thomson, deceased, and in his own right, and Dayna Thomson (collectively, the "Plaintiffs") to remand this matter back to New Jersey Superior Court, Law Division, in Atlantic County. [Docket Item No. 9.]  Plaintiffs move to remand based on two grounds: (1) that the case was not properly removed pursuant to 28 U.S.C. § 1441 and (2) that the case was not properly removed based on federal question jurisdiction.

The principal issue to be decided is whether an in-state defendant who has not been served with process may remove a complaint, based upon diversity jurisdiction, in light of the prohibition in 28 U.S.C. § 1441(b) against removal of diversity cases where an in-state defendant has been "properly joined and served."  For the reasons set forth below, this Court will deny Plaintiffs' motion for remand.

I.    **BACKGROUND**

Plaintiffs are Alan Thomson (both individually and as the administrator of the Estate of Hayley Thomson, deceased) and Dayna Thomson ("Plaintiffs").  All Plaintiffs are residents and citizens of Atlanta, Georgia.[1]  (Compl. ¶¶ 6-8.)  Defendants are (1) Novartis Pharmaceuticals Corporation ("NPC"), a Delaware

---

[1]  The Court notes that Plaintiffs' brief states that the Plaintiffs are residents of Pennsylvania but the Complaint states that the Plaintiffs are residents of Georgia.  (Compl. ¶¶ 6-8).  The distinction is not relevant to the matter currently pending before the Court but this Court will follow what is in the Complaint rather than in Plaintiffs' brief and conclude that Plaintiffs are residents of Georgia.

corporation with a principal place of business in East Hanover, New Jersey, (2) Novartis Pharma GmbH, a German corporation doing business in New Jersey, (3) Novartis Corporation, a New York corporation with its principal place of business in Florham Park, New Jersey, and (4) Novartis AG, a Swiss corporation.  (Compl. ¶¶ 9-11.)  NPC, Novartis Pharma GmbH, Novartis Corporation and Novartis AG shall be referred to collectively as the "Defendants."

Plaintiffs' Complaint states that Defendants designed, manufactured and distributed a topical immunosupressant called pimecrolimus which is marketed under the trademark, Elidel. (Compl. ¶ 1-2, 19.)  In 2003, Plaintiffs' child Hayley went to a physician for treatment of Hayley's dermatitis.  The physician prescribed Elidel for Hayley's dermatitis and Plaintiffs applied Elidel to Hayley in accordance with the recommendations of her physician.  (Id. ¶ 60.)  Plaintiffs claim that as a direct result of the use and application of Elidel, Hayley suffered serious bodily injury, eventually being diagnosed with cancer (acute myelogenous leukemia) in February, 2004.  (Id. ¶ 61.)  On December 19, 2004, Hayley died from complications from her cancer caused, according to the Complaint, by her exposure to Elidel. (Id. ¶ 62.)

Plaintiffs bring an eight-count complaint alleging (1) products liability-failure to warn; (2) breach of express

warranty; (3) violation of the New Jersey Consumer Fraud Act; (4) breach of implied warranty; (5) products liability-defective design; (6) punitive damages under common law; (7) wrongful death; and (8) a survival action.[2]  Plaintiffs filed this action in Superior Court of New Jersey, Atlantic County on December 19, 2006.  (Certification of David R. Buchanan, Ex. 1.)  Plaintiffs submit an affidavit stating that they attempted to serve NPC on December 22, 2006 but that NPC's office was closed.  (Buchanan Cert., Ex. 2.)[3]  Plaintiffs state that they attempted service on four other occasion -- on December 26, 27, 28 and 29 -- but that Plaintiffs' process server was told each time that nobody was present to accept service on behalf of NPC.  (Id.)  No one was present to accept service on NPC's behalf due to the fact that NPC was closed for the holidays from 2:00 p.m. on December 22, 2006 through January 2, 2007.  (Affidavit of Cynthia L. Kendrick, Esq. ¶ 8, Ex. A.)  Security personnel were the only personnel present during the holiday closing and the remainder of NPC, including the legal department, was closed.  (Id. ¶ 9.)

On December 29, 2006, before being served with process, NPC removed this case to this Court pursuant to 28 U.S.C. §§ 1331,

_____

[2]  Plaintiffs' Complaint is misnumbered as it does not include a Count V.  The Complaint goes directly from Count IV to Count VI.

[3]  Plaintiffs' exhibits are not properly organized.  The affidavit referred to here is the last page of Exhibit 1.  There is no Exhibit 2 in Plaintiffs' briefing papers.

1367, 1441 and 1446.  In an affidavit submitted to the Court
after oral argument (upon the Court's request), outside counsel
for NPC (Spriggs and Hollingsworth, Esqs.) stated through Cynthia
Kendrick, Esquire, that they first received notice that the
Complaint had been filed on December 19, 2006 and received a copy
of the Complaint on December 28, 2006 from a private docketing
service.  (Kendrick Aff. ¶ 3, 4.)  Counsel for NPC then drafted
removal papers on December 28 and 29 and filed the papers with
this Court on December 29, 2006.  (Id. ¶ 6.)  Counsel states that
at no time prior to filing the removal papers did she know about
Plaintiffs' attempts to serve NPC.  (Id. ¶ 7.)  Finally, on
January 2, 2007, the first day NPC reopened after the holidays,
NPC accepted service of the Complaint.  (Buchanan Cert., Ex. 3;
Kendrick Aff. ¶ 10.)

Defendant NPC's notice of removal, filed in this Court
before NPC or any other defendant was served with process,
asserts that this Court's jurisdiction is premised upon both
diversity of citizenship under 28 U.S.C. § 1332 and federal
question under 28 U.S.C. § 1331 arising from the alleged
preemption of such claims by the Food, Drug and Cosmetic Act.
Plaintiffs now file this motion for remand, arguing (1) that
removal of this matter was improper and the case should be
remanded to New Jersey Superior Court, and (2) the Court should

award Plaintiffs attorney's fee Plaintiffs incurred in connection
with NPC's improper removal.

## II.  PLAINTIFFS' MOTION TO REMAND

In addressing Plaintiffs' motion to remand, the Court must
address two issues: (1) whether this action was properly removed
under 28 U.S.C. § 1441(b) and (2) whether removal was proper on
federal question grounds.  The Court will first address whether
removal was proper under § 1441(b) and the "joined and served"
requirement.

Civil actions brought in a state court may generally be
removed to district court if the district court has original
jurisdiction.  See 28 U.S.C. § 1441(a).  Thus, an action based on
state law (such as the present case) is removable to federal
court when (1) the district court would have original diversity
jurisdiction (because the amount in controversy exceeds $75,000
and there is complete diversity of citizenship between the
plaintiffs and defendants), see 28 U.S.C. § 1332, and (2) when
none of the parties properly joined and served at the time of the
removal are residents of the forum state.  See 28 U.S.C. §
1441(b).  Indeed, it is this second requirement -- that an action
is "removable only if none of the parties in interest properly
joined and served as defendants is a citizen of the State in
which such action is brought" -- that is central to the matter
before the Court.  28 U.S.C. § 1441(b)(emphasis aded).

6

_____In the Third Circuit, the removing party bears the burden of demonstrating that removal was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Frick v. Novartis Pharm., Corp., No. 05-5429, 2006 U.S. Dist. LEXIS 9178, *2 (D.N.J. Feb. 22, 2006).  "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)(quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)); see also Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Therefore, "a district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  Boyer, 913 F.2d at 111.

Plaintiffs move pursuant to 28 U.S.C. § 1447(c) to remand this case to New Jersey Superior Court.  Plaintiffs contend that because NPC is a resident of New Jersey, the forum state, removal is not permitted under § 1441(b).  According to Plaintiffs the purpose of the "joined and served" requirement of § 1441(b) is to prevent a plaintiff from blocking removal of a matter by joining a defendant resident party whom it does not even serve.  (Pl.'s Br. at 3 citing Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)).  This

requirement, according to Plaintiffs, does not take effect until the plaintiff has served at least one defendant in the litigation, and allowing forum defendants (like NPC) to remove actions in diversity prior to service would "essentially remove the 'joined and served' requirement from § 1441(b)."  (Id. at 4.)

Plaintiffs argue that this Court should follow the holding of Holmstrom v. Harad, No. 05-2714, 2005 U.S. Dist. LEXIS 16694 (N.D. Ill. Aug. 11, 2005).  In Holmstrom, the district court addressed the issue of "whether, under §1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared."  Id. at *4.  The Holmstrom plaintiff filed a shareholder derivative suit against twenty-eight officers and directors in Illinois state court.  Id. at *2.  Two of the twenty-eight defendants were Illinois residents.  Id.  Prior to service on any defendant, one of the non-forum defendants removed the action to U.S. District Court for the Northern District of Illinois.  Id.  Plaintiffs moved for remand and the district court granted the motion stating that the presence of the forum defendants defeated the attempts to remove and that the "joined and served" requirement does not apply when no defendant has been served or otherwise appeared.  Id. at *7.  Plaintiffs argue here that, as in Holmstrom, Plaintiffs made numerous attempts to serve NPC but were unsuccessful, including a visit to NPC's office on December

8

29, 2006 in which Plaintiffs' process server was told that no one was available to accept service until January 2, 2007. Therefore, the "joined and served" requirement does not apply.[4]

NPC opposes the motion to remand, arguing that it had not been served at the time it removed this matter and therefore is not precluded from removing under § 1441(b).  According to NPC, this case falls within the Court's original jurisdiction (based on diversity) and therefore was properly removed.  According to NPC, a plain reading of § 1441(b), supported by substantial authority, establishes that, so long as NPC removed this case prior to being served with process, removal was proper.  See Stan Winston Creatures, Inc., 314 F. Supp. 2d at 180; Frick v. Novartis Pharm. Corp., 2006 U.S. Dist. LEXIS 9178, at *6 (where NPC was not properly joined and served at the time it file its notice of removal, the defendant was entitled to removal under the plain language of the statute.)  NPC also argues that, under

---

[4] Plaintiffs also articulate policy reasons that support their position, stating that "large corporate defendants . . . could easily monitor court dockets and immediately remove diversity cases prior to service . . . [enabling them] to prevent any plaintiff from pursuing a state court action against them." Removal of such actions would be particularly easy in New Jersey, according to Plaintiffs, due to New Jersey's requirement that a plaintiff obtain a track assignment number (which can be issued ten days from filing of the complaint) prior to serving the complaint and "creates a window during which a New Jersey defendant can remove a case prior to service, thereby escaping the removal limitation of § 1441(b)" and eliminates any time period allotted for a plaintiff to serve the complaint.  See N.J.R. 4:5A-2(a).

Third Circuit precedent, this Court must give effect to the plain reading of §1441(b) unless the result would be "demonstrably at odds" with Congressional intent or creates such a "bizarre" outcome "that Congress could not have intended it." Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003).

The Court agrees with NPC and will deny Plaintiffs' motion for remand as the plain reading of § 1441(b) and a straightforward application of it in this case warrants denial of Plaintiffs' motion.  The Third Circuit has held that, when dealing with issues of statutory construction, this Court's task is to:

> give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.  If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms.  The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (internal quotations and citations omitted); Frick, 2006 U.S. Dist. LEXIS 9178, at *6-7.  This language is unambiguous –– removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined and served." 28 U.S.C. § 1441(b).  Here, at the time NPC removed this case to this Court (December 29, 2006), NPC had yet to be served (January 2, 2007).  Moreover, there is no evidence that NPC was actively

10

avoiding service - rather, because NPC was closed for the
holidays between December 22, 2006 and January 2, 2007, there was
no one at the NPC campus authorized to accept service.  (Kendrick
Aff. ¶¶ 7-8.)  As such, under the plain reading of §1441(b),
removal was not prohibited because NPC (a resident of the forum
state) had not been served when it removed this case to this
Court.[5]

  This conclusion is supported by considerable case law from
this District and others.  See Frick, 2006 U.S. Dist. LEXIS 9178,
at *7 ("[W]e find that the language of the statute is
unambiguous"); Stan Winston Creatures, Inc., 314 F. Supp.2d at
180 ("[T]he language of § 1441(b) makes plain that its
prohibition on removal applies only where a defendant who has
been 'properly joined and served' is a resident of the forum
state"); Ott v. Consol. Freightway Corp., 213 F. Supp. 2d 662,
665 (S.D. Miss. 2002))("In accordance with [the § 1441(b)]
language . . ., courts have held, virtually uniformly, that
where, as here, [complete] diversity does exist between the
parties, an unserved resident defendant may be ignored in
determining removability"); see also 14B Wright, Miller & Cooper,
Federal Practice and Procedure § 3723 at 642 (3d ed. 1998)("The

---

[5] Moreover, if a plaintiff were concerned that a corporate
defendant could avoid service of process, plaintiff could instead
serve the designated corporate agent in the state, as permitted
by N.J. Court Rules, R. 4:4-4(a)(6).

language of Section 1441(b) . . . implies that a resident
defendant who has not been served may be ignored in determining
removability"); Massey v. Cassens & Sons, Inc., No. 05-598, 2006
U.S. Dist. LEXIS 9675, *10-11 (S.D. Ill. Feb. 16, 2006).

Plaintiffs do raise colorable policy arguments that it is
unjust that a properly joined defendant could monitor state court
dockets and remove cases prior to being served, and that it makes
little sense to provide a federal forum to an in-state defendant
upon removal of a diversity case, since state courts are
certainly as adept as federal courts in applying state law.
However, these arguments alone are insufficient to overcome the
requirement that this Court give meaning to the plain language of
the statute.  Congress plainly intended to require service of the
complaint, and not just proper joinder, to trigger the preclusion
of removal by the forum resident defendant in a diversity case,
and it did so by including the phrase "properly joined and
served" so that a plaintiff could not frustrate removal of a
diversity case by refraining from serving the resident defendant.
To adopt plaintiff's arguments here would read the words "and
served" out of the statute.  Thus, Plaintiffs have not convinced
the Court that permitting removal prior to the time of service
would be "demonstrably at odds" with Congressional intent or

12

create such a "bizarre" outcome "that Congress could not have intended it."  Mitchell, 318 F.3d at 535.[6]

## III.  PLAINTIFFS' REQUEST FOR FEES AND COST

Plaintiffs also request that this Court award it costs and fees pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The statute gives this Court broad discretion to determine when such an award is appropriate.  See Mints v. Educ. Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996); Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997).  Here, because this Court will not remand the case to state court, Plaintiffs' motion for costs and fees incurred as a result of removal will be denied.

## IV.  CONCLUSION

For the reasons discussed above, the Court will deny Plaintiffs' motion to remand this action to New Jersey Superior Court.  The accompanying Order shall be entered.


**May 22, 2007**                          **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge

_____

[6] Because the Court will deny Plaintiffs' motion to remand on the grounds that removal was proper under § 1441(a) and (b), this Court need not address the issue of whether removal was proper on federal question grounds.