## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN THOMSON, both individually and as the administrator of the Estate of HAYLEY THOMSON, deceased, and DAYNA THOMSON, <br><br> **Plaintiffs,** <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, NOVARTIS PHARMA GmbH, and NOVARTIS AG, <br><br> **Defendants.** | **Civil Action No.: 1:06-cv-06280-JBS-AMD** <br><br> **ORDER MODIFYING STAY** |

## ORDER MODIFYING STAY

This Order modifies the Scheduling Order entered May 30, 2008 [Docket Entry 42] which stayed this case pending a ruling by the United States Supreme Court in *Wyeth v. Levine*, 128 S. Ct. 1118 (2008) (No. 06-1249), *granting petition for certiorari from, Levine v. Wyeth*, 944 A.2d 179 (Vt. 2006) ("*Levine*"); and for good cause shown; *and the parties consenting to this Order, as set forth in defense counsel's letter dated 11/7/08*

IT IS this _21^st_ day of November 2008, hereby **ORDERED**:

1. This case shall remain temporarily stayed pending the decision of the United States Supreme Court in *Levine*, except that plaintiffs will execute the authorizations listed below and defendant(s) shall proceed with discovery with respect to the corresponding records:

   * Authorization to obtain medical records of minor plaintiff Hayley Thomson
   * Authorization to obtain mental health records, if any, of Hayley Thomson
   * Authorization to obtain insurance records of plaintiffs Hayley Thomson, Alan Thomson and Dayna Thomson, including any policies held by Dayna and Alan Thomson
   * Authorization to obtain employment records of plaintiffs Dayna and Alan Thomson
   * Authorization to obtain IRS records of plaintiffs Dayna and Alan Thomson
   * Authorization to obtain social security disability records of plaintiffs Dayna and Alan Thomson

2. The parties have disputed whether the parent-plaintiffs, Dayna and Alan Thomson, must provide authorizations permitting Novartis Pharmaceuticals Corporation ("NPC") to obtain their medical and mental health records. To resolve this dispute, the parties agree and the Court orders that the parent-plaintiffs, Dayna and Alan Thomson, have until February 4, 2009 to elect

06-6280

to (1) provide authorizations for the release of their medical and mental health records; or (2) agree to an appropriate stipulation that the parents, on behalf of themselves only, will not place their medical or mental health conditions at issue or otherwise pursue recovery for any emotional distress, pain and suffering, or mental health damages that they allegedly may have suffered. Such authorizations shall be provided to NPC or a joint stipulation shall be submitted to the Court no later than February 16, 2009.

3.  The authorizations enumerated in paragraph 1 of this order shall be signed and served on counsel for defendant NPC no later than 15 days following the entry of this order.

_____  11/21/08

ANN MARIE DONIO
United States Magistrate Judge

2